**RONDY'S INC; et al., Plaintiffs—Appellants,**

v.

**TRACTOR AND EQUIPMENT COMPANY, a Montana corporation dba NC Machinery Company, Defendant—Appellee.**

No. 01–36104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 17, 2003.

Newell D. Smith, Esq., Douglas M. Fryer, Esq., Mikkelborg, Broz, Wells & Fryer, Seattle, WA, for Plaintiff–Appellant.

John D. Dillow, Esq., Todd Rosencrans, Perkins Coie, LLP, Seattle, WA, for Defendant–Appellee.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM *

Plaintiffs, Rondy's, Inc. and T.A.G., Inc. together form the F/V ALSEA FISHERIES PARTNERSHIP (collectively "Alsea"). Alsea appeals from the grant of

of this circuit except as provided by Ninth Circuit Rule 36–3.

summary judgment in favor of defendant Tractor and Equipment Co., d/b/a NC Machinery Co. ("NC"). Alsea argues on appeal that the district court erred in two of its conclusions: (1) that there was no evidence of overreaching; and (2) that it had failed to raise a triable issue with respect to its claims of gross negligence and fraudulent concealment. Alsea also challenges the district court's order denying its motion for reconsideration of summary judgment and its motion to allow filing of a second amended complaint.

After careful consideration of the issues presented on appeal, both in the briefs and in oral argument, and having conducted a de novo review of the grant of summary judgment, we agree with the analysis and conclusions reached by the district court in its order granting and denying the motions for summary judgment entered October 10, 2001.

We further conclude that the district court did not abuse its discretion in denying the motions for reconsideration of summary judgment and to allow filing of a second amended complaint entered on November 9, 2001.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.